**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GM PHOTO, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>FOCUS CAMERA, INC., MICHAEL<br>SILBERSTEIN, and CHASSY<br>KIRZNER,<br><br>       Defendants. | Civil Action No.:  22-cv-10339-VSB<br><br>**DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIM** |

## ANSWER AND COUNTERCLAIM

Defendants Focus Camera, Inc. ("Focus Camera"), Michael Silberstein ("Mr. Silberstein"), and Chassy Kirzner ("Ms. Kirzner") (collectively "Defendants"), by and through their counsel, hereby answers each allegation of the Complaint (Dkt. No. 1) of Plaintiff GM Photo, LLC ("GM Photo" or "Plaintiff") as follows:

### Answering "Nature of the Action"

1.      Responding to paragraph 1 of the Complaint, Defendants state that this paragraph does not contain allegations to which a response is required.

2.      Responding to paragraph 2 of the Complaint, Defendants state that paragraph 2 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Responding to paragraph 5 of the Complaint, Defendants state that paragraph 5 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      Responding to paragraph 6 of the Complaint, Defendants state that paragraph 6 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

### Answering "Parties"

9.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, on that basis, deny.

10.     Responding to paragraph 10 of the Complaint, Defendants admit that Focus Camera is a New York corporation, having a principal place of business at 905 McDonald Ave, Brooklyn, New York 11218. All allegations not expressly admitted are denied.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint, expect to admit that Mr. Silberstein is a natural person domiciled in New York and employed by Focus Camera. All allegations not expressly admitted are denied.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint, expect to admit that Ms. Kirzner is a natural person domiciled in New York and employed by Focus Camera. All allegations not expressly admitted are denied.

## Answering "Jurisdiction and Venue"

13.     Responding to paragraph 13 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, on that basis, deny. Defendants further state that the Complaint fails to allege sufficient facts establishing that the exercise of diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

14.     Responding to paragraph 14 of the Complaint, Defendants state that the allegations contained in paragraph 14 of the Complaint set forth legal conclusions to which no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 14.

## Answering "Facts"

15.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, on that basis, deny.

16.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, on that basis, deny.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, on that basis, deny.

19.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, on that basis, deny.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Responding to paragraph 21, Defendants admit that Focus Camera is an authorized dealer of Sigma Corporation of America ("Sigma") products, selling through its brick-and-mortar

locations in New York and New Jersey, and also selling through its website, focuscamera.com, and through storefronts on various online marketplaces, including Amazon.com. Defendants deny all other allegations contained in paragraph 21 of the Complaint.  All allegations not expressly admitted are denied.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Responding to paragraph 28 of the Complaint, Defendants refer the Court to the referenced document for its contents and otherwise deny the allegations contained in paragraph 28.

29.     Defendants deny the allegations contained in the first sentence of paragraph 29 of the Complaint, and deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in second sentence of paragraph 29 of the Complaint and, on that basis, deny the allegations contained in paragraph 29 of the Complaint.

30.     Responding to paragraph 30 of the Complaint, Defendants states that this paragraph does not contain allegations to which a response is required.

31.     Responding to paragraph 31 of the Complaint, Defendants refer the Court to the referenced document for its contents and otherwise deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Responding to paragraph 34 of the Complaint, Defendants refer the Court to the referenced documents for their contents and otherwise deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, on that basis, deny.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Responding to paragraph 48 of the Complaint, Defendants refer the Court to the referenced documents for their contents and otherwise deny the allegations contained in paragraph 48.

49.     Responding to paragraph 49 of the Complaint, Defendants refer the Court to the referenced documents for their contents and otherwise deny the allegations contained in paragraph 49.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Responding to paragraph 52 of the Complaint, Defendants refer the Court to the referenced documents for their contents and otherwise deny the allegations contained in paragraph 52.

53.     Responding to paragraph 53 of the Complaint, Defendants refer the Court to the referenced documents for their contents and otherwise deny the allegations contained in paragraph 53.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, on that basis, deny.

56.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, on that basis, deny.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and, on that basis, deny.

59.     Defendants deny that they made any "false counterfeit claims" as alleged in paragraph 59 of the Complaint, and Defendants deny sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Complaint and, on that basis, deny.

60.     Responding to paragraph 60 of the Complaint, Defendants state that the allegations set forth in paragraph 60 contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 60 of the Complaint.

## Answering "First Cause of Action"

61.     Defendants deny the allegations contained paragraph 61 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Responding to paragraph 73 of the Complaint, paragraph 73 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 73 of the Complaint.

## Answering "Second Cause of Action"

74.      Defendants deny the allegations contained paragraph 74 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 73 above as if fully set forth herein.

75.      Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and, on that basis, deny and refer the Court to document referenced for its contents.

77.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and, on that basis, deny and refer the Court to document referenced for its contents.

78.      Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.      Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.      Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.      Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.      Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.      Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.      Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.      Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.      Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.      Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.      Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Responding to paragraph 89 of the Complaint, paragraph 89 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 89 of the Complaint.

**<u>Answering "Third Cause of Action"</u>**

90.     Defendants deny the allegations contained paragraph 90 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 89 above as if fully set forth herein.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Responding to paragraph 101 of the Complaint, paragraph 101 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 101 of the Complaint.

## Answering "Fourth Cause of Action"

102.     Defendants deny the allegations contained paragraph 102 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 101 above as if fully set forth herein.

103.     Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.     Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.     Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.     Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.     Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.     Responding to paragraph 108 of the Complaint, paragraph 108 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 108 of the Complaint.

## Answering "Fifth Cause of Action"

109.     Defendants deny the allegations contained paragraph 109 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 108 above as if fully set forth herein.

110.     Responding to paragraph 110 of the Complaint, Defendants state that the allegations contained in paragraph 110 of the Complaint set forth legal conclusions to which no response is required, and Defendants refer all questions of law to this Honorable Court.

111.     Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.     Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.     Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.     Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.     Responding to paragraph 115 of the Complaint, paragraph 115 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 115 of the Complaint.

## Answering "Sixth Cause of Action"

116.     Defendants deny the allegations contained paragraph 116 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 115 above as if fully set forth herein.

117.     Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.     Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.     Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.     Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.     Responding to paragraph 121 of the Complaint, paragraph 121 contains GM Photo's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 121 of the Complaint.

## Answering "Prayer for Relief"

The Prayer for Relief requires no response.  To the extent any response is deemed required, Defendants deny that Plaintiff should be granted any of the relief requested in paragraphs (a) through (i).

## DEFENSES AND AFFIRMTIVE DEFENSES

Defendants assert the following defenses and affirmative defenses (collectively "defenses") as to each claim alleged in the Complaint without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff.  Defendants reserve the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

### FIRST DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Truth)

Plaintiff's claims are barred because Defendants' alleged statements are true or substantially true. Plaintiff is not entitled to relief because its violation of Sigma's intellectual property rights constitutes, in part, trademark infringement and trademark counterfeiting.  Plaintiff's claims are barred, in whole or in part, because Defendants' alleged conduct and statements did not misrepresent the nature, characteristics, or qualities of Plaintiff's goods or commercial activities on Amazon.

As a matter of law, a "counterfeit" may be a good marked with a trademark and distributed without the manufacturers' consent—even if the good did, in fact, originate from the manufacturer. *See El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 396 (2d Cir. 1986). Here, Plaintiff freely admits that it is a purveyor of "grey market goods" purchased from resellers, not directly from Sigma. *See e.g.* Cmpl. ¶ 19. Sigma, in turn, confirmed on October 24, 2022 that Plaintiff "is not one of [their] authorized dealers," and that any products sold by Plaintiff "will not

12

be eligible for a 4-year manufacturing warranty." *See* October 24, 2022 Letter from Sigma Corporation of America, annexed hereto as Exhibit A.

"[T]he sale of grey goods violates the Lanham Act when the goods (1) are not intended to be sold in the United States, and (2) are materially different from the authentic goods that are authorized for sale in the United States market." *Novartis Animal Health US, Inc. v. LM Connelly & Sons, Pty Ltd.*, 2005 U.S. Dist. LEXIS 15214, *11 (S.D.N.Y. July 20, 2005). Plaintiff's goods were materially different because they were not covered by a manufacturer's warranty when sold by Plaintiff. *See* Ex A. Accordingly, Plaintiff's goods were counterfeits—as that legal term of art is used. *See Dan-Foam A/S & Tempur-Pedic, Inc. v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 314 (S.D.N.Y. 2007) (difference in warranty protection considered material).

## THIRD DEFENSE

### (Opinion)

Plaintiff's claims are barred because Defendants' alleged statements are statements of opinion.

As discussed *supra*, as a matter of law, a "counterfeit" may be any good marked with a trademark and distributed without the manufacturers' consent—even if the good did, in fact, originate from the manufacturer. *See El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 396 (2d Cir. 1986). Here, Plaintiff freely admits that it is a purveyor of "grey market goods" purchased from resellers, not directly from Sigma. *See e.g.* Cmpl. ¶ 19. Sigma, in turn, confirmed on October 24, 2022 that Plaintiff "is not one of [their] authorized dealers," and that any products sold by Plaintiff "will not be eligible for a 4-year manufacturing warranty." *See* October 24, 2022 Letter from Sigma Corporation of America, annexed hereto as Exhibit A.

"[T]he sale of grey goods violates the Lanham Act when the goods (1) are not intended to be sold in the United States, and (2) are materially different from the authentic goods that are authorized for sale in the United States market." *Novartis Animal Health US, Inc. v. LM Connelly & Sons, Pty Ltd.*, 2005 U.S. Dist. LEXIS 15214, *11 (S.D.N.Y. July 20, 2005). Plaintiff's goods were materially different because they were not covered by a manufacturer's warranty when sold by Plaintiff. *See* Ex A. Accordingly, Plaintiff's goods were counterfeits—as that legal term of art is used. *See Dan-Foam A/S & Tempur-Pedic, Inc. v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 314 (S.D.N.Y. 2007) (difference in warranty protection considered material).

At most, Defendants' alleged statements were statements of opinion regarding Plaintiff's legal right to sell unauthorized grey market goods.

## **FOURTH DEFENSE**

### **(Unclean Hands)**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands because Plaintiff's violation of Sigma's intellectual property rights constitutes, in part, trademark infringement and trademark counterfeiting.

## **FIFTH DEFENSE**

### **(First Amendment)**

Plaintiff's claims are barred in whole or in part by the First Amendment to the Constitution of the United States.

## SIXTH DEFENSE

### (Plaintiff's Culpable Conduct)

Plaintiff's claims are barred in whole or in part because Plaintiff's injuries or damages, if any, were the direct and proximate cause of Plaintiff's own acts, conduct, activities, carelessness, negligence, and/or intentional misconduct.

## SEVENTH DEFENSE

### (No Damages)

Plaintiff suffered no damages as a result of Defendants' alleged conduct and Plaintiff seeks to recover lost profits or damages that are completely speculative in nature.

## EIGHTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

Plaintiff has not adequately alleged diversity jurisdiction. For purposes of establishing diversity jurisdiction, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs" and be between, *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Finnegan v. Long Island Power Auth.*, 409 F.Supp.3d 91, 95 (E.D.N.Y. 2019) (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014)). An individual's citizenship is determined by his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "[A] limited liability company is a citizen of each state in which its individual members are citizens." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F.Supp.3d 408, 409 (E.D.N.Y. 2020)

(citing *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 122 (2d Cir. 2013)). In pleading the citizenship of a limited liability company, "the identity and citizenship of <u>each</u> <u>member</u>" of the company must be specifically alleged. *Id*. at 410 (emphasis added). Plaintiff fails to plead facts to adequately demonstrate the citizenship of the parties because Plaintiff fails to specifically allege the identity and citizenship of each of its members. *See U.S. Liab. Ins. Co.*, 444 F.Supp.3d at 409-10. Upon information and belief, the Court therefore lacks subject matter jurisdiction.

## NINTH DEFENSE

### (Failure to Join a Necessary Party)

Plaintiff's Complaint must be dismissed for failure to join a necessary party, namely, Sigma Corporation of America.

## TENTH DEFENSE

### (N.Y. CIVIL RIGHTS LAW 76-A – New York's anti-SLAPP Statute)

Plaintiff's Complaint fails, in whole or in part, because Defendants did not act with actual malice. "[A] federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision." *Palin v. N.Y. Times Co.*, 510 F. Supp. 3d 21, 26 (S.D.N.Y. 2020) (citing *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (affirming the district court's application of certain substantive provisions of Nevada's anti-SLAPP law)); *Coleman v. Grand*, No. 18-cv-5663 (ENV) (RLM), 2021 U.S. Dist. LEXIS 37131, *20, 2021 WL 768167 (E.D.N.Y. Feb. 22, 2021) ("The anti-SLAPP provision at issue here, § 76-a, applies in federal court because it is 'manifestly substantive,' governing the merits of libel claims and increasing defendants' speech protections."); *Egiazaryan v. Zalmayev*, No. 11-CV-2670 (PKC), 2011 U.S. Dist. LEXIS

140851, 2011 WL 6097136, *12 (S.D.N.Y. Dec. 7, 2011) (applying New York's pre-amendment anti-SLAPP law in a diversity jurisdiction case).

Applying Section 76-a of New York's anti-SLAPP law, Plaintiff must plead and prove that Defendants acted with actual malice because it brings "a claim based upon . . . lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a). The statute directs that the term "public interest" is to "be construed broadly, and shall mean any subject other than a purely private matter." *Id*. § 76-a(1)(d). The statute also requires Plaintiff to "establish[] by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false…" *Id*. § 76-a(2). In other words, Plaintiff must plead and prove actual malice.

"To show actual malice, the plaintiff must allege sufficient facts from which to infer that the defendant knew the alleged defamatory statement was false when he made it or recklessly disregarded whether it was false or not." *Kerik v. Tacopina*, 64 F. Supp. 3d 542, 571 (S.D.N.Y. 2014) (citing *Kipper v. NYP Holdings Co.*, 12 N.Y.3d 348, 912 N.E.2d 26, 29, 884 N.Y.S.2d 194 (N.Y. 2009) (in turn citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)). The United States Supreme Court has defined "reckless disregard" as requiring that the defendant "entertained serious [subjective] doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731, (1968).

Here, Defendants did not publish their alleged statements with knowledge of falsity or with any subjective reason to doubt their truth. Rather, Sigma confirmed on October 24, 2022 that Plaintiff "is not one of [their] authorized dealers," and that any products sold by Plaintiff "will not be eligible for a 4-year manufacturing warranty." *See* October 24, 2022 Letter from Sigma

17

Corporation of America, annexed hereto as Exhibit A. "[T]he sale of grey goods violates the Lanham Act when the goods (1) are not intended to be sold in the United States, and (2) are materially different from the authentic goods that are authorized for sale in the United States market." *Novartis Animal Health US, Inc. v. LM Connelly & Sons, Pty Ltd.*, 2005 U.S. Dist. LEXIS 15214, *11 (S.D.N.Y. July 20, 2005). Plaintiff's goods were materially different because they were not covered by a manufacturer's warranty when sold by Plaintiff. *See* Ex A; *see also Dan-Foam A/S & Tempur-Pedic, Inc. v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 314 (S.D.N.Y. 2007) (difference in warranty protection considered material). Therefore, Defendants' alleged statements were not uttered with actual malice because Defendants had an objective basis for believing the truth of the alleged statements.

## ELEVENTH DEFENSE

### (No Consumer Harm)

Plaintiff's claims pursuant to N.Y. General Business Law § 349 fail because Defendants' alleged actions did not cause public harm. "To properly state a claim…plaintiff must allege conduct that has 'significant ramifications for the public at large.'" *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 14CV6294-LTS-HBP, 2015 U.S. Dist. LEXIS 111823, *4 (S.D.N.Y. Aug. 24, 2015).  As a matter of law, Defendants' alleged actions did not, and cannot, unlawfully reduce competition. *See e.g. 2238 Victory Corp. v. Fjallraven USA Retail, LLC.*, No. 19-CV-11733 (PKC), 2021 WL 76334, at *3-6 (S.D.N.Y. Jan. 8, 2021).

## TWELFTH DEFENSE

### (Impermissibly Duplicative Claims)

Plaintiff's tortious interference claims are impermissibly duplicative of the defamation and libel claims. *See Deaton v. Napoli*, 17-CV-4592, 2019 U.S. Dist. LEXIS 167954, *25 (E.D.N.Y. Sep. 27, 2019).

## THIRTEENTH DEFENSE

### (No Wrongful Purpose of Wrongful Means)

Plaintiff's tortious interference claims fail because Defendants did not act with wrongful purpose or with wrongful means. If there are "no allegations in the complaint capable of supporting a reasonable inference that any . . . defendant acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means, then the claim should be dismissed." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 107 (2d Cir. 2009) (citation omitted).

Where a defendant's alleged "'interference [was] intended, at least in part, to advance [their] own competing interests,' then there was no 'wrongful purpose.'" *RFP, LLC v. SCVNGR, Inc.*, 788 F. Supp. 2d 191, 196 (S.D.N.Y. 2011). Here, Plaintiff affirmatively alleges that Defendants' actions were motivated by a desire to benefit their own business interests, thereby vitiating the claim.

With respect to wrongful means requirement, Plaintiff must plead acts of "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure." *Scutti Enters. v. Park Place Entm't Corp.*, 322 F.3d 211, 216 (2d Cir. 2003) (citation omitted). Defendants did not engage in any such actions. "[A]ctions taken to inform others that they may be participating in infringement of [an intellectual property] right, and might face legal consequences for that infringement, are not tortious interference." *SCVNGR, Inc.*, 788

F. Supp. 2d at 197-98 (citing *Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69, 75 (2d Cir. 1985)).

### FOURTEENTH DEFENSE

### (No Special Damages)

Plaintiffs' defamation and libel claims are barred because the alleged statements are not defamatory *per se* and Plaintiff suffered no harm or damages.

### ADDITIONAL DEFENSES

To the extent Defendants may have other separate and/or additional defenses of which they are not aware, Defendants reserve the right to assert them by amendment to this Answer as discovery continues.

**WHEREFORE**, Defendants pray for judgment as follows:

1.    That Plaintiff recover nothing by way of its Complaint;

2.    That the Complaint and each of its claims for relief, be dismissed with prejudice;

3.    That Defendants be awarded costs of suit incurred herein, including attorneys' fees and expenses; and,

4.    For such other and further relief as the Court deems just and proper.

### COUNTERCLAIM

Defendant and Counterclaimant Focus Camera, Inc. ("Focus Camera") complains and alleges as follows against Plaintiff and Counter-Defendant GM Photo, LLC ("GM Photo"):

### PRELIMINARY STATEMENT

1.    This Counterclaim for damages, including costs and attorneys' fees, arises under New York's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, which

undoubtedly applies to this action as GM Photo seeks to restrain Focus Camera's constitutional right of free speech in connection with an issue of public interest.

2.      New York Civil Rights Law § 70-a provides that "[a] defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action." N.Y. Civil Rights Law § 70-a(1).

3.      New York Civil Rights Law § 76-a defines "action involving public petition and participation" as one based upon, (a) any "communication in a place open to the public or a public forum in connection with an issue of public interest"; or (b) any "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." N.Y. Civil Rights Law § 76-a(1)(a). "Public interest" is to be construed "broadly, and shall mean any subject other than a purely private matter." *Id*. at (1)(d).

4.      For fees to be awarded, the Court must find that the action "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law."  N.Y. Civil Rights Law § 70-a(1)(a).

5.      New York's anti-SLAPP legislation provides a non-discretionary fee-shifting provision. Once the Court is satisfied that there was no substantial basis in fact and law, or an argument to modify the law, the statute mandates that "costs and attorney's fees *shall be recovered*." N.Y. Civil Rights Law § 70-a(1)(a) (emphasis added).

6.     Courts in the Second Circuit have awarded damages, including costs and attorney's fees, under N.Y. Civil Rights Law § 70-a upon dismissal of claims implicating the anti-SLAPP statute. *See e.g. Harris v. Am. Accounting Ass'n*, No. 5:20-CV-01057 (MAD/ATB), 2021 U.S. Dist. LEXIS 226517 (N.D.N.Y. Nov. 24, 2021).

7.     GM Photo's Complaint against Focus Camera seeks to restrain Focus Camera's constitutional right of free speech in connection with an issue of public interest.

8.     GM Photo's causes of action against Focus Camera are without merit, are without a substantial basis in fact and law, and cannot be supported by a substantial argument for the extension, modification, or reversal of existing law.

9.     Focus Camera is entitled to damages, including an award of costs and attorneys' fees, upon dismissal of GM Photo's causes of action.

10.     Focus Camera intends to move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) once the pleadings are closed.

## THE PARTIES

11.     Defendant/Third-Party Plaintiff, Focus Camera, Inc. is a New York corporation with its principal place of business at 905 McDonald Avenue, Brooklyn, New York 11218.

12.     Upon information and belief, Plaintiff/Counter-Defendant, GM Photo, LLC is a New Jersey limited liability company with its principal place of business at 1716 East Elizabeth Avenue, Linden, New Jersey 07036.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §1367.

14.     GM Photo consented to the personal jurisdiction of this Court by filing its initial Complaint in this Court.

15.     Venue is proper in this District as it was the venue chosen by Plaintiff/Counter-Defendant.

## STATEMENT OF FACTS

16.     Focus Camera has operated as a retailer of photography and video equipment and accessories for over forty years, selling through its brick-and-mortar location in New York, and now selling through its own website, focuscamera.com, and through storefronts on various online marketplaces, including Amazon.com.

17.     Focus Camera is an authorized dealer of hundreds of brands and prides itself on quality, customer service, and integrity in each sale that it makes.

18.     Focus Camera's Amazon storefront's reviews boast an impressive 96% positive rating.

19.     Upon information and belief, GM Photo is the operator of the "Digital Village" Amazon storefront, which sells a variety of electronics ranging from video game controllers to electronics chargers to, pertinently here, cameras and camera accessories.

20.     Upon information and belief, due to the range of products and limited quantities thereof being sold through the storefront, Digital Village appears to operate on an overstock or opportunist model, obtaining limited quantities of products from various sources, often including goods intended for sale in other markets, goods without warranties, or goods with different packaging, all commonly known in the industry as "grey goods."

21.     Upon information and belief, Digital Village utilizes the Fulfillment by Amazon ("FBA") platform, whereby Digital Village acquires products and sends them to Amazon's fulfillment centers, then Amazon picks, packs, and ships the orders once made by customers.

22.     Digital Village's Amazon storefront's reviews, 10% of which are below 4-stars are rife with complaints of missing parts, items not matching descriptions, and wrong items altogether.

23.     Sigma Corporation of America ("Sigma") products are among the hundreds of brands for which Focus Camera is an authorized dealer. *See* July 13, 2021 Sigma Letter, annexed hereto as Exhibit B, confirming that "Focus Camera LLC is indeed one of our valued dealers…"

24.     Over the course of their relationship, Sigma and Focus Camera worked together when it was suspected that unauthentic or unauthorized Sigma products were being sold, as it was mutually beneficial to the parties to ensure quality, brand control, and a level playing field.

25.     In October 2022, Focus Camera learned that Digital Village was allegedly selling Sigma branded goods through the Digital Village storefront "as new."

26.     Discussions with Sigma revealed that Digital Village and GM Photo were unauthorized dealers of Sigma products. *See* October 24, 2022 Sigma Letter, annexed hereto as Exhibit A, confirming that "GM Photo is not one of our authorized dealers" and that any products sold by GM Photo "will not be eligible for a 4-year manufacturing warranty."

27.     Based on discussions with Sigma, authorized dealers are not permitted to sell products to vendors for resale, and any products sold by non-authorized vendors do not carry the standard four-year manufacturer's warranty. Indeed, without said warranty, any repairs and/or issues with products would cost a minimum of $250.00 to address. *See e.g.* Ex. A.

28.     At the instruction of Sigma, on October 6, 2022, Focus Camera submitted a claim pursuant to Amazon's policies that certain listings of Sigma products by GM Photos were unauthorized.

29.     In the following week, Focus Camera learned that Digital Village had numerous other listings selling other allegedly Sigma branded products; and again, based on the instructions

and representations of Sigma, on October 11, 2022, Focus Camera submitted claims to Amazon that these listings were also unauthorized by Sigma, and therefore do not come with the 4-year USA warranty.

30.     Upon information and belief, given the array of products and the limited quantities on offer from Digital Village, GM Photo's storefront was acquiring inventory from a variety of sources. This fact, paired with Sigma's representations that Digital Village and GM Photo were not an authorized dealer or known to Sigma, validated Sigma and Focus Camera's suspicions that the "Sigma" products were counterfeit, unauthorized grey goods.

31.     Focus Camera's actions were not only made in good faith, but were in complete coordination pursuant to Sigma's instructions and guidelines.

32.     Based on the foregoing, and without even alleging that the reports to Amazon resulted in an actual disruption to GM Photo's Amazon Storefront, GM Photo filed claims of tortious interference, commercial defamation, trade libel, violation of GBL §349, and unfair competition in this action, without including Sigma in the suit.

33.     GM Photo's causes of action are without merit.

34.     GM Photo's Complaint attempts to hide behind Amazon's terms of use, claiming "Amazon discloses to buyers that manufacturer warranties may not apply in all cases," while quoting some uncited language purportedly from Amazon.

35.     This, however, does not shield GM Photo from the law in relation to the sale of infringing goods, which provides that the First Sale doctrine does not protect a reseller of goods when the goods differ from those sold by authorized dealers in a way that would likely be relevant to a consumer's decision to purchase them.

36. Differing or lacking warranties has consistently been found in this District and others to be a material difference that would be relevant to a consumer's decision to purchase goods.

37. As a matter of law, regardless of where GM Photo obtained the alleged Sigma products, because the products are not being sold to the end user by an authorized dealer, Sigma's 4-year manufacturer's warranty is not conveyed with them.

38. Upon information and belief, this lack of warranty was never disclosed on any of Digital Village's Sigma product listings on the Amazon platform.

39. In fact, Digital Village listed Sigma products for sale on Amazon pages alongside other authentic and authorized sellers' products, which would clearly deceive customers into believing the Digital Village products would carry the same warranty as the authorized products.

40. One of the customer reviews on the Digital Village storefront states the following: "Seller is not an authorized Sigma dealer. 1) Lens came with 1-year warranty, not standard 4-year warranty 2) Lens is an import grey-market model. Sigma USA stated I might have problems in U.S. with warranty repairs and may need to send it to the originating country, or pay $250 penalty + cost of repair. 3) Lens was not listed as "Import" model on seller's ad. 4) Messaged seller 4 days ago but no response." *See* October 25, 2022 Consumer Review on Digital Village's Amazon Storefront, annexed hereto as Exhibit C.

41. In light of the foregoing, GM Photo has committed Lanham Act violations by selling unauthorized Sigma branded products that are materially different from those sold by authorized dealers, and its reliance on Amazon's terms and conditions speak only to its relationship with Amazon—not the law.

42.     GM Photo's pending motion for preliminary injunction purports to show a transaction with Circuit City Corporation, in which GM Photo purchased 393 Sigma products, purportedly ordered on October 3, 2022. *See* Dkt. No. 6-1.

43.     Upon information and belief, Digital Village was selling these products well before the date of the October 3, 2022 invoice. For example, annexed hereto as Exhibit D is a screenshot that shows Digital Village selling a Sigma-branded lens on October 2, 2022. Obviously this product could not have been purchased from Circuit City Corporation, whose invoice is dated October 3, 2022.

44.     GM Photo's Complaint also fails to set forth any actual harm allegedly suffered by GM Photo.

45.     Damage is an essential element of each of the claims brought against Focus Camera, and GM Photo pleads none.

46.     GM Photo's Complaint never alleges actual harm, destruction, suspension, etc.  It repeatedly uses phrases like "threatened to be destroyed" (Dkt. No. 1, ¶ 37) or "at risk of losing" (Dkt. No. 1, ¶ 72), but never once states that its listings were taken down, that consumers were made aware of Defendants' alleged infringement notices (they were not), or that a single identifiable sale was lost.

**<u>FIRST CAUSE OF ACTION</u>**

47.     Focus Camera realleges and incorporates by reference the allegations contained in paragraphs 1 through 46 of this Counterclaim as though fully stated herein.

48.     On information and belief, and as set forth above, GM Photo knows or should know that Focus Camera's alleged actions do not violate the law.

49.   On information and belief, and as set forth above, GM Photo knows or should know that each and every cause of action in the Compliant fails to state a cause of action.

50.   On information and belief, and as set forth above, GM Photo knows or should know that each and every cause of action in the Compliant is without merit.

51.   On information and belief, and as set forth above, GM Photo knows or should know that each and every cause of action in the Compliant is without a substantial basis in fact and law.

52.   On information and belief, and as set forth above, GM Photo knows or should know that each and every cause of action in the Compliant cannot be supported by a substantial argument for the extension, modification, or reversal of existing law.

53.   Notwithstanding the foregoing, GM Photo filed suit without a reasonable basis and continues to pursue its unmeritorious claims.

54.   Focus Camera is entitled to damages, including an award of costs and attorneys' fees, pursuant to New York Civil Rights Law § 70-a.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Focus Camera, Inc. requests relief as follows:

A.   An order requiring GM Photo, LLC to pay Focus Camera, Inc.:

   a.   compensatory damages;

   b.   punitive damages;

   c.   actual damages;

   d.   exemplary damages;

   e.   Costs and expenses, including without limitation reasonable attorneys' fees; and

   f.   prejudgment interest at the maximum legal rate;

B.      An award of attorneys' fees and costs under New York Civil Rights Law § 70-a; and,

C.      Such other and further relief as this Court shall deem necessary and appropriate.

## JURY DEMAND

FOCUS CAMERA, INC., MICHAEL SILBERSTEIN, and CHASSY KIRZNER demand a trial by jury of all causes of action as to which the law entitles them to a trial by jury.

Dated:  New York, New York.
         January 17, 2023

                        Respectfully submitted,

                        WILSON, ELSER, MOSKOWITZ,

                        EDELMAN & DICKER LLP


            By: _____
                        Jura C. Zibas
                        Stephen J. Barrett
                        150 E. 42nd Street
                        New York, New York 10017
                        Telephone: (212) 490-3000
                        Facsimile: (212) 490-3038
                        *Attorneys for Defendants*

Exhibit A

# SIGMA

Jillian Gonzales
Sigma Corporation of America
15 Fleetwood Ct.
Ronkonkoma, NY 11779
October 24th, 2022

To Whom It May Concern:

Please be informed that GM Photo is not one of our authorized dealers. If GM Photo sells our products, the end user will not be eligible for a 4-year manufacturing warranty. If the product is sold outside of Sigma Corporation of America, and services/repairs are required and brought to our service center, we will charge a minimum of $250.00 to repair.

Sincerely,

Jillian Gonzales
Sales Administrator
Sigma Corporation of America
(631) 227-2023

Exhibit B



Michael Sinnott
Sigma Corporation of America
15 Fleetwood Ct.
Ronkonkoma, NY 11779
July 13, 2021

To Whom It May Concern:

Please be informed that Focus Camera, LLC is indeed one of our valued dealers and should be able to list and sell all Sigma products.  They are authorized to resell our products and create bundles that consist of Sigma products.

Their address is:

Focus Camera, LLC
905 McDonald Ave.
Brooklyn, NY 11218

Please feel free to contact me if you have any further questions and thank you in advance for your assistance in this matter.  Have a great day!

Sincerely,

Michael Sinnott
Sales Operations Supervisor
Sigma Corporation of America
(631) 227-1013

Exhibit C

# Digital Village

Visit the Digital Village storefront

★★★★☆ 89% positive in the last 12 months (455 ratings)

Amazon

## Share your thoughts with other customers

Leave seller feedback

Read more

By Jason E. on November 8, 2022

This was sold as a Used phone, our apologies for not resetting it. You can do that within the phone settings

By Digital Village on November 8, 2022

★☆☆☆☆

I had to order this product twice to get it, the first time it took so long that I prefer to cancel my order, the second time it arrived days after the date I w...

Read more

By Amazon Customer on November 2, 2022

Message from Amazon: This item was fulfilled by Amazon, and we take responsibility for this fulfillment experience.

★☆☆☆☆

Seller is not an authorized Sigma Dealer. 1) Lens came with 1 year warranty, not standard 4 year warranty 2) Lens is an import grey market model. Sigma USA stated I might have problems in US with warranty repairs and may need to send it to originating country or pay $250 penalty + cost of repair 3) Lens was not listed as "import" model on sellers ad 4) Messaged seller 4 days ago but no response

Read less

By Jay on October 25, 2022

Message from Amazon: This item was fulfilled by Amazon, and we take responsibility for this fulfillment experience.

★☆☆☆☆

Hello, we placed an order on September 16th for this item. We returned it about 10 days ago and it was received. I received a message that a refund would not be...

Read more

By Amazon Customer on October 20, 2022

Message from Amazon: This item was fulfilled by Amazon, and we take responsibility for this fulfillment experience.

Previous Next

Exhibit D

Seller Cloud | ADP | Microsoft Office | Excel | Daily Sales | Unfillables | Spex | Price Sheets | Rebates

vision.

$267.99 ✓prime

✓ Climate Pledge Friendly

Sigma 24-70mm F2.8 DG DN Art for Sony E Lens
★★★★★ 1,097 ratings
New
$1,015.00
✓prime One-Day
FREE delivery Tomorrow, Oct 3.
Order within 2 hrs 46 mins

**Add to Cart**

| Ships from | Amazon.com |
| Sold by | Pro Deals! |

★★★★★ (29 ratings)
100% positive over last 12 months

∧ See less

**30 other options**
sorted by price + delivery: low to high

Filter (1) ▾

New ✕          Clear all

**New**
$1,015.00
✓prime One-Day
FREE delivery Tomorrow, Oct 3.
Order within 12 hrs 16 mins

**Add to Cart**

| Ships from | Amazon.com |
| Sold by | TRADING DEALS |

★★★★★ (2 ratings)
100% positive over last 12 months

**New**
$1,015.00
✓prime
FREE delivery Oct 7 - 8

**Add to Cart**

| Ships from | Amazon.com |
| Sold by | Digital Village |

★★★★☆ (3723 ratings)
92% positive over last 12 months

**New**
$1,015.00
FREE delivery Oct 5 - 7. Details

**Add to Cart**

uy it with

+ ☐ +

Total price: $3,591.00

**Add all three to Cart**

ⓘ Some of these items ship sooner than the others. Show details

☑ **This item:** Sigma 24-70mm F2.8 DG DN Art for Sony E Lens $1,015.00
☑ Sony NPFZ100 Z-series Rechargeable Battery Pack for Alpha A7 III, A7R III, A9 Digital Cameras black $78.00
☑ Sony Alpha 7 IV Full-frame Mirrorless Interchangeable Lens Camera,Body Only , Black $2,498.00

elated products from Sigma

Sponsored ⓘ                                                                                   Page 1 of 12

Sigma 24-70mm f/2.8 DG DN Art Zoom Full Frame Compatible with Sony E-Mount Lens wit...
★★★★★ 434
$1,195.00 ✓prime

Sigma Contemporary Lens Bundle Includes Sigma 16mm f/1.4DC DN - 30mm f/1.4 DC...
★★★★★ 6
$999.00

Sigma 24-70mm f/2.8 DG DN Art Lens for Sony E (578965) Bundle + Backpack + 64GB Car...
★★★★☆ 10
$1,184.95

Sigma 28-70mm F2.8 DG DN for L-Mount
★★★★☆ 229
$799.00

Sigma 35mm f/1.4 DG HSM Art Lens for Canon EF - Bundle MC-11 Mount Converter EF...
$1,048.00

Sigma 24-70mm f/2.8 DG OS HSM Art Lens for Nikon F (576955) Bundle + Backpack + 64G...
★★★★★ 3
$1,279.95

rands in this category on Amazon
Sponsored ⓘ