UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GM PHOTO, LLC

Plaintiff,

v.

FOCUS CAMERA, INC., MICHAEL
SILBERSTEIN, and CHASSY KIRZNER

Defendants.

Civil Action No.:  22-cv-10339 (VSB)

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**

---

Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for Defendants
150 East 42nd Street
New York, New York 10017

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................................ 1

FACTUAL BACKGROUND............................................................................................... 3

ARGUMENT ...................................................................................................................... 5

POINT I        THE COMPLAINT FAILS TO ADEQUATELY PLEAD SUBJECT MATTER JURISDICTION ...................................................... 7

POINT II       PLAINTIFF FAILS TO PLEAD WRONGFUL PURPOSE, WRONGFUL MEANS, PROXIMATE CAUSE, OR DAMAGES IN SUPPORT OF ITS TORTIOUS INTERFERENCE CLAIM .............. 8

POINT III     TORTIOUS INTERFERENCE WITH A CONTRACT CANNOT LIE IN THE ABSENCE OF A BREACH OF CONTRACT ................... 11

POINT IV     THE DEFAMATION CLAIMS FAIL BECAUSE PLAINTIFF DOES NOT PLEAD ACTUAL MALICE OR DAMAGES AND THE ALLEGED STATEMENTS ARE SUBSTANTIALLY TRUE OR, AT WORST, NON-ACTIONABLE OPINION................................ 13

         A.    Dismissal is Required Pursuant to N.Y. Civil Rights Law 76-A.............. 14

         B.    Truth or Opinion ...................................................................... 16

         C.    No Special Damages ................................................................. 19

POINT V      THE NEW YORK GENERAL BUSINESS LAW § 349 CAUSE OF ACTION FAILS TO PLEAD CONSUMER HARM .............................. 20

POINT VI     PLAINTIFF DOES NOT PLEAD ANY SPECIES OF UNFAIR COMPETITION RECOGNIZED UNDER NEW YORK COMMON LAW ......................................................................... 21

CONCLUSION.................................................................................................................. 22

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2238 Victory Corp. v. Fjallraven USA Retail, LLC*,
No. 19-cv-11733 (PKC), 2021 U.S. Dist. LEXIS 3761, 2021 WL 76334
(S.D.N.Y. Jan. 8, 2021)...............................................................................................20

*31 Cornelia Props. Corp. v. Lemma*,
136 A.D.3d 584, 25 N.Y.S.3d 593 (1st Dept. 2016)...............................................11

*Adelson v. Harris*,
774 F.3d 803 (2d Cir. 2014)......................................................................................14

*Advanced Glob. Tech. LLC v. Sirius Satellite Radio, Inc.*,
15 Misc. 3d 776, 836 N.Y.S.2d 807 (Sup. Ct. N.Y. Cty. Mar. 8, 2007)................10

*AIM Intern. Trading, L.L.C. v. Valcucine S.P.A.*,
Case No. 02 Civ 1363, 2003 U.S. Dist. LEXIS 8594 (S.D.N.Y. May 22, 2003) ...................13

*Angio-Medical Corp. v. Eli Lilly & Co.*,
720 F. Supp. 269 (S.D.N.Y. 1989) .....................................................................13, 19

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)..................................................................................................6

*Atlantic Recording Corp. v. Project Playlist*,
603 F. Supp. 2d 690 (S.D.N.Y. 2009).........................................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .........................................6

*Biro v. Condé Nast*,
807 F.3d 541 (2d Cir. 2015).......................................................................................16

*Bohmer v. N.Y.*,
684 F. Supp. 2d 357 (S.D.N.Y. 2010).........................................................................6

*Burrowes v. Combs*,
25 A.D.3d 370, 808 N.Y.S.2d 50 (1st Dept. 2006)............................................11, 12

*Carter v. HealthPort Techs., LLC*,
822 F.3d 47 (2d Cir. 2016)...........................................................................................8

*Carter v. Visconti*,
233 A.D.2d 473, 650 N.Y.S.2d 32 (App. Div. 2 Dep't 1996) ...............................17

ii

*Castillo Grand, LLC v. Sheraton Operating Corp.*,
    719 F.3d 120 (2d Cir. 2013)..................................................................................7

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
    547 F.3d 115 (2d Cir. 2008)..................................................................................8

*Chau v. Lewis*,
    771 F.3d 118 (2d Cir. 2014)................................................................................17

*Coleman v. Grand*,
    No. 18-cv-5663 (ENV) (RLM), 2021 U.S. Dist. LEXIS 37131, 2021 WL
    768167 (E.D.N.Y. Feb. 22, 2021).......................................................................15

*Computech Int'l, Inc. v. Compaq Computer Corp.*,
    No. 02 Civ. 2628, 2002 WL 31398933 (S.D.N.Y. Oct. 24, 2002) .........................19

*Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*,
    551 F. Supp. 3d 320 (S.D.N.Y. 2021)..................................................................17

*Cummings v. City of New York*,
    No. 19-CV-7723 (CM)(OTW), 2020 U.S. Dist. LEXIS 31572, 2020 WL
    882335 (S.D.N.Y. Feb. 24, 2020)........................................................................17

*Dan-Foam A/S & Tempur-Pedic, Inc. v. Brand Named Beds, LLC*,
    500 F. Supp. 2d 296 (S.D.N.Y. 2007)....................................................................9

*Deer Consumer Prods., Inc. v. Little Grp.*,
    2012 NY Slip Op 52157(U), 37 Misc. 3d 1224(A) (Sup. Ct. N.Y. Cty. Nov.
    15, 2012) ............................................................................................................11

*Palazzo ex rel. Delmage v. Corio*,
    232 F.3d 38 (2d Cir. 2000)....................................................................................7

*Dillon v. City of New York*,
    261 A.D.2d 34, 704 N.Y.S.2d 1 (1st Dept. 1999).................................................13

*Discover Group, Inc. v. Lexmark Intern., Inc.*,
    333 F. Supp. 2d 78 (E.D.N.Y. 2004) ...................................................................13

*Dobies v. Brefka*,
    273 A.D.2d 776, 710 N.Y.S.2d 438 (3rd Dept. 2000)...........................................10

*Dorsett-Felicelli, Inc. v. County of Clinton*,
    1:04-CV-01141 (LEK/RFT), 2011 U.S. Dist. LEXIS 29197, *10 (S.D.N.Y.
    March 22, 2011).................................................................................................12

*Drug Rsch. Corp. v. Curtis Pub. Co.*,
    7 N.Y.2d 435 (1960) ..........................................................................................19

iii

*Egiazaryan v. Zalmayev*,
 No. 11-CV-2670 (PKC), 2011 U.S. Dist. LEXIS 140851, 2011 WL 6097136
 (S.D.N.Y. Dec. 7, 2011)......................................................................................................15

*El Greco Leather Prods. Co. v. Shoe World, Inc.*,
 806 F.2d 392 (2d Cir. 1986)..................................................................................................9

*Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*,
 194 F. Supp. 3d 263 (S.D.N.Y. 2016)..................................................................................19

*Farrow v. O'Connor, Redd, Gollihue & Sklarin, LLP*,
 51 A.D.3d 626, 857 N.Y.S.2d 235 (App. Div. 2d Dep't 2008).............................................18

*Feel Better Kids, Inc. v. Kids in Need USA, Inc.*,
 No. CV-06-0023 (DRH) (AKT), 2012 U.S. Dist. LEXIS 139770 (E.D.N.Y.
 Aug. 27, 2012) ......................................................................................................................20

*Ferrandino & Son, Inc. v. Wheaton Builders, Inc.*,
 LLC, 82 A.D.3d 1035, 920 N.Y.S.2d 123 (2d Dept. 2011)....................................................11

*Finnegan v. Long Island Power Auth.*,
 409 F.Supp.3d 91 (E.D.N.Y. 2019) ........................................................................................7

*Galanova v. Safir*,
 138 A.D.3d 686, 29 N.Y.S.3d 459 (App. Div. 2d Dep't 2016).............................................18

*Greenberg v. Spitzer*,
 155 A.D.3d 27, 62 N.Y.S.3d 372 (2d Dept. 2017) ....................................................14, 16, 18

*Gross v. N.Y. Times Co.*,
 82 N.Y.2d 146, 603 N.Y.S.2d 813, 623 N.E.2d 1163 (Ct. App. 1993) ............................16, 18

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*,
 50 N.Y.2d 183 (1980) ......................................................................................................12, 13

*Hamilton v. Town of Hamden*,
 3:08cv164, 2008 WL 4999301 (D. Conn. Nov. 19, 2008) .....................................................3

*Havana Central NY2 LLC v. Lunney's Pub, Inc.*,
 49 A.D.3d 70, 852 N.Y.S.2d 32 (1st Dept. 2007)................................................................12

*Hayden v. Paterson*,
 594 F.3d 150 (2d Cir. 2010)...................................................................................................6

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
 58 F.3d 27 (2d Cir. 1995).....................................................................................................21

*Johnson v. Rowley*,
    569 F.3d 40 (2d Cir. 2009) (per curiam)......................................................................6

*Kerik v. Tacopina*,
    64 F. Supp. 3d 542 (S.D.N.Y. 2014).........................................................................15

*Kipper v. NYP Holdings Co.*,
    12 N.Y.3d 348, 912 N.E.2d 26, 884 N.Y.S.2d 194 (N.Y. 2009)...........................15

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020).........................................................................................14

*Lama Holding Co. v. Smith Barney Inc.*,
    88 N.Y.2d 413 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996)....................................11

*Linardos v. Fortuna*,
    157 F.3d 945 (2d Cir. 1998).........................................................................................7

*Magma Power Co. v. Dow Chem. Co.*,
    No. 95 Civ. 1376 (JFK), 1997 WL 23186 (S.D.N.Y. January 21, 1997) .................6

*Maloney v. Anton Cmty. Newspapers, Inc.*,
    16 A.D.3d 465, 791 N.Y.S.2d 598 (App. Div. 2d Dep't 2005) .............................16

*Milkovich v. Lorain Journal Co.*,
    497 U.S. 1 (1990).........................................................................................................18

*N.Y. Times Co. v. Sullivan*,
    376 U.S. 254 (1964).....................................................................................................15

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*,
    07 Civ. 6959 (DAB), 2009 U.S. Dist. LEXIS 117368 (S.D.N.Y. Dec. 14,
    2009) .............................................................................................................................20

*Novartis Animal Health US, Inc. v. LM Connelly & Sons, Pty Ltd.*,
    2005 U.S. Dist. LEXIS 15214 (S.D.N.Y. July 20, 2005) .........................................9

*Nunes v. CNN, Inc.*,
    No. 20 CV 03976-LTS-OTW, 2021 U.S. Dist. LEXIS 31423, 2021 WL
    665003 (S.D.N.Y. Feb. 19, 2021) ..............................................................................19

*Palin v. N.Y. Times Co.*,
    510 F. Supp. 3d 21 (S.D.N.Y. 2020)..........................................................................14

*Poznanski v. Wang*,
    2009 N.Y. Misc. LEXIS 6076 (N.Y. Sup. Ct. Aug. 25, 2009) ...............................21

*Premium Mortg. Corp. v. Equifax, Inc.*,
  583 F.3d 103 (2d Cir. 2009)...........................................................................................8

*RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*,
  No. 14CV6294-LTS-HBP, 2015 U.S. Dist. LEXIS 111823 (S.D.N.Y. Aug.
  24, 2015) ......................................................................................................................20

*Reporters' Assn. of America v. Sun Print. & Pub. Assn.*,
  186 N. Y. 437 (1906) ....................................................................................................19

*Ret. Sys. v. Morgan Stanley & Co.*,
  772 F.3d 111 (2d Cir. 2014)............................................................................................7

*RFP, LLC v. SCVNGR, Inc.*,
  788 F. Supp. 2d 191 (S.D.N.Y. 2011)....................................................................8, 9, 10

*Rinaldi v. Holt, Rinehart & Winston, Inc.*,
  42 N.Y.2d 369, 397 N.Y.S.2d 943, 366 N.E.2d 1299 (Ct. App. 1977) ...................16

*Saleh v. New York Post*,
  78 A.D.3d 1149 (App. Div. 2d Dep't 2010) ..............................................................18

*Schaefer v. Brookdale Univ. Hosp. & Med. Ctr.*,
  66 A.D.3d 985, 888 N.Y.S.2d 122 (App. Div. 2d Dep't 2009) ...............................16

*Scutti Enters. v. Park Place Entm't Corp.*,
  322 F.3d 211 (2d Cir. 2003)............................................................................................9

*Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*,
  764 F.2d 69 (2d Cir. 1985)............................................................................................10

*St. Amant v. Thompson*,
  390 U.S. 727 (1968) .......................................................................................................16

*Steinhilber v. Alphonse*,
  68 N.Y.2d 283, 508 N.Y.S.2d 901, 501 N.E.2d 550 (Ct. App. 1986) ....................18

*Stepanov v. Dow Jones & Co., Inc.*,
  120 A.D.3d 28, 987 N.Y.S.2d 37 (App. Div. 1st Dep't 2014) ................................16

*Sweigert v. Goodman*,
  No. 1:18-cv-08653 (VEC) (SDA), 2021 U.S. Dist. LEXIS 77704, 2021 WL
  1578097 (S.D.N.Y. Apr. 22, 2021).............................................................................14

*Tymar Distribution Llc v. Mitchell Grp. United States, Llc, Rivelle Prods.*,
  No. 20-CV-719-PKC-SJB, Docket No. 77 (E.D.N.Y. Mar. 31, 2021)...................21

vi

*U.S. Liab. Ins. Co. v. M Remodeling Corp.*,
    444 F.Supp.3d 408 (E.D.N.Y. 2020) .................................................................................7, 8

*Van Praagh v. Gratton*,
    No. 13-cv-375, 2014 WL 292460 (E.D.N.Y. Jan. 28, 2014) ......................................................6

*White Plains Coat & Apron Co., Inc. v. Cintas Corp.*,
    8 N.Y.3d 422 (2007) ................................................................................................................11

**Statutes**

28 U.S.C. § 1332(a) ...........................................................................................................................7

Lanham Act .................................................................................................................................5, 9

N.Y. Civ. Rights Law § 70-a ...........................................................................................................14

N.Y. Civ. Rights Law § 76-a ...................................................................................................14, 15

N.Y. Civ. Rights Law § 76-a(1)(a) .................................................................................................15

New York General Business Law § 349 .................................................................3, 5, 20, 21

New York General Business Law § 350 .........................................................................................20

**Other Authorities**

Fed. R. Civ. P. 9(g) ..........................................................................................................................19

Fed. R. Civ. P. 12(b)(6) .....................................................................................................................6

Fed. R. Civ. P. 12(c) ...........................................................................................................1, 5, 6

N.Y. C.P.L.R. 3211(g) .....................................................................................................................14

Defendants Focus Camera, Inc. ("Focus Camera"), Michael Silberstein ("Mr. Silberstein"), and Chassy Kirzner ("Ms. Kirzner") (collectively, "Defendants"), by their attorneys, respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint (Dkt. No. 1) ("Complaint") filed by Plaintiff GM Photo, LLC ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(c).

## PRELIMINARY STATEMENT

This action arises from a bold offensive initiative taken by an unauthorized seller of infringing goods on Amazon, who seems to believe that Amazon's policies supersede the law. Plaintiff has been selling, and seemingly continues to sell, Sigma Corporation of America, or Sigma, branded products on Amazon. Plaintiff is not an authorized dealer of Sigma products. Sigma products sold by unauthorized parties do not carry with them the 4-year manufacturer's warranty that those sold by authorized retailers carry. Plaintiff does not disclose the material differences between its goods and Sigma-authorized goods in its listing, and indeed Plaintiff sells its goods on Amazon page listings alongside products from authorized dealers.

Under the direction and authorization of Sigma–the ultimate rights holder of the Sigma brand–Focus Camera submitted notices to Amazon that the goods sold by Plaintiff, known only at the time as Digital Village (the name of its Amazon storefront), were illegitimate. Now, on the basis of wholly speculative harms and dubious causes of action—without even including the rights holder to the goods at issue—Plaintiff attempts to plead six causes of action against Focus Camera and its employees. *See* Cmpl. ¶ 6.[1] None of Plaintiff's claims is viable.

As a threshold matter, Plaintiff fails to adequately plead subject matter jurisdiction—necessitating dismissal on this basis alone. There are no federal claims pled in the Complaint and therefore there can be no federal question jurisdiction. As a result, subject matter jurisdiction must

---

[1] Citations to "Cmpl." refer to Plaintiff's Complaint, filed December 7, 2022 (DE 1).

rest entirely on diversity. However, Plaintiff does not sufficiently plead the domiciles of the parties. Specifically, Plaintiff alleges that it is a limited liability company (Cmpl. ¶ 9), but does not identify its members or its members' states of residence.  As a result, complete diversity is not apparent from the face of the Complaint and this Court lacks subject matter jurisdiction.

Should the Court reach the merits, Plaintiff's tortious interference claims fail because Plaintiff does not allege that Defendants utilized any wrongful means to achieve a wrongful purpose. Rather, the pleadings demonstrate that Defendants had an objectively good faith belief that Plaintiff's sales of Sigma products on Amazon were unauthorized and infringing. Based on that belief, Focus Camera submitted notices to Amazon in accordance with Amazon's stated policies. Amazon reviewed the complaints, apparently determined they were meritorious, and took its own independent action following an investigation. Merely informing a party of suspected infringement is *per se* nonactionable as tortious interference with business relations. Moreover, Plaintiff's tortious interference with contract claim fails because Plaintiff does not identify any breach of contract induced by Defendants' alleged actions.

Plaintiff's defamation and trade libel claims are even more dubious. First, the claims are barred entirely by New York's recently amended anti-SLAPP statute. The law requires Plaintiff to plead actual malice and it has not done so. Second, all of the alleged statements—to the extent they are sufficiently identified in the Complaint—are substantially true and/or mere opinion. The disputed statements merely informed Amazon of Defendants' belief that Plaintiff's unauthorized sales violated intellectual property law. Whether Plaintiff's unauthorized sales of Sigma goods meet the definition of "counterfeit" is a legal determination, not a factual one upon which a defamation claim may be premised. Third, Plaintiff fails to plead any special damages, which is fatal to these causes of action. Any one of the foregoing grounds, standing alone, would be

sufficient to dismiss the Complaint. Taken together, there is simply no basis for Plaintiff's defamation and trade libel claims to survive the pleading stage.

Finally, Plaintiff's state law causes of action for deceptive trade practices and unfair competition are plainly insufficient. Plaintiff does not allege any significant public harm as required under New York General Business Law § 349, and none of Plaintiff's factual allegations fall within the categories of unfair competition recognized by existing precedent. In sum, the Complaint cannot survive scrutiny and should be dismissed as a matter of law in its entirety.

## FACTUAL BACKGROUND[2]

Defendant Focus Camera has operated as a retailer of photography and video equipment and accessories for over forty years, selling through its brick-and-mortar locations in New York and New Jersey, and now selling through its own website, focuscamera.com, and through storefronts on various online marketplaces, including Amazon.com. CC ¶ 16.[3] Focus Camera is an authorized dealer of hundreds of brands and prides itself on quality, customer service, and integrity in each sale that it makes. *Id*. ¶ 17. Sigma Corporation of America ("Sigma") products are among the hundreds of brands for which Focus Camera is an authorized dealer. *See id*. ¶ 23 and accompanying exhibits.

Plaintiff is the operator of the "Digital Village" Amazon storefront, which sells a variety of electronics ranging from video game controllers to electronics chargers to, pertinently here, cameras and camera accessories. Cmpl. ¶¶ 15-16; CC ¶¶ 19-20. Due to the range of products and

---

[2] Defendants vehemently dispute many of Plaintiff's factual and legal assertions in the Complaint. For the purposes of this Motion, however, Defendants will, as they must, "accept as true . . . all well-plead facts in the [ ] Complaint." *Hamilton v. Town of Hamden*, 3:08cv164 (PCD), 2008 WL 4999301, at *6 (D. Conn. Nov. 19, 2008).

[3] Citations to "CC" refer to Defendants' Counterclaim, filed January 17, 2023 (DE 33).

3

limited quantities thereof being sold through the storefront, Digital Village appears to operate on an overstock or opportunist model, obtaining limited quantities of products from various sources, often including goods intended for sale in other markets, goods without warranties, or goods with different packaging, all commonly known in the industry as "grey goods." CC ¶ 20.

Non-party Sigma is a manufacturer of high-end cameras, lenses, and camera accessories. Cmpl. ¶¶ 16, 36. Plaintiff is not an authorized dealer of Sigma products. Cmpl. ¶ 19; CC ¶ 26 and accompanying exhibits. While Plaintiff baldly claims to source Sigma products only from authorized dealers (Cmpl. ¶ 19), Plaintiff concedes that the Sigma products it sells are not accompanied by a manufacturing warranty, and Plaintiff states its belief that consumers should be required to "purchase a third-party warranty" to compensate. Cmpl. ¶¶ 53, 58. Sigma has confirmed in writing that the products sold by Plaintiff "will not be eligible for a 4-year manufacturing warranty." CC ¶ 26 and accompanying exhibits.

In late 2022, Focus Camera became aware that Digital Village was selling Sigma products on page listings alongside authorized dealers of Sigma products. Cmpl. ¶ 16. Digital Village did not disclose the lack of warranty, and instead seemed to try to hide that fact by "hijacking" the authentic goods' listings and directing purchasers to Amazon's and Sigma's warranty policies.  In response, Focus Camera reported Plaintiff's listings to Amazon pursuant to Amazon's trademark/counterfeit policies in October 2022. Cmpl. ¶¶ 23, 25.

All Amazon users agree to Amazon's Terms of Service and policies when using the platform. *See e.g.* Cmpl. ¶¶ 23, 26, 76, 77, 79-80. In particular, pursuant to the *Amazon Services Business Solutions Agreement* (which is expressly referenced and incorporated into the Complaint), Amazon prohibits third party sellers from violating the intellectual property rights of others and Amazon is permitted to terminate a user's selling privilege in its sole direction.  *See*

4

Dkt No. 22-9 at ¶ 3. In fact, the *Amazon Services Business Solutions Agreement* is terminable at will—for any reason or no reason at all—on thirty days' notice. *Id.*

The Complaint nearly admits to Plaintiff's Lanham Act violations, but Plaintiff attempts to hide behind Amazon's policies as though they supersede the Lanham Act, stating: "Amazon discloses to buyers that manufacturer warranties may not apply in all cases," quoting some uncited language purportedly from Amazon. Cmpl. ¶ 53. However, the Complaint does not—because it cannot—allege that Sigma products sold by Plaintiff carry the same warranties as those sold by authorized Sigma dealers.

Likewise, the Complaint does not allege that Amazon or any specific customer ended an established or prospective relationship with Plaintiff as a result of Defendants' notices to Amazon. Rather, the Complaint merely speculates that Focus Camera might "escalate its interference with GM Photo's business relationship with Amazon," while failing to allege any actual, tangible losses arising from Defendants' alleged conduct. Cmpl. ¶¶ 67, 83.

Based solely on Focus Camera's reports to Amazon regarding Plaintiff's unauthorized sales of Sigma products, Plaintiff attempts to plead six causes of action: (1) tortious interference with prospective business advantage; (2) tortious interference with contractual relationship; (3) commercial defamation; (4) trade libel; (5) deceptive acts or trade practices pursuant to N.Y. Gen. Bus. Law § 349; and (6) common law unfair competition. As discussed in greater detail below, each and every one of these causes of action must be dismissed on the pleadings for failure to state a claim.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 12(c), any party may request judgment on the pleadings. The standard for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is "'the same standard

applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'"  *Hayden v. Paterson*, 594 F.3d 150,

160 (2d Cir. 2010) (citing *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam) (internal

quotation marks omitted).  "To survive a Rule 12(c) motion, [plaintiffs'] complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Hayden*, 594 F.3d at 160 (quoting *Johnson*, 569 F.3d at 43-44 (quoting *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) (internal citation and quotation marks omitted)).

  In accordance with the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the courts apply a "plausibility standard" to

determine whether dismissal is appropriate.  *Id*. at 560.  That standard is guided by "[t]wo working

principles." *Ashcroft*, 129 S. Ct. at 1949.  While the Court must accept as true all factual allegations

contained in a complaint, "threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to guard a claim against dismissal.  *Id*.  Second, a

complaint must "state[] a *plausible* claim for relief."  *Id*. at 1950 (emphasis added).

  "In a Rule 12(c) motion for judgment on the pleadings, the Court is limited to consideration

of the pleadings."  *Bohmer v. N.Y.*, 684 F. Supp. 2d 357, 360 (S.D.N.Y. 2010).  However, "[i]n

deciding the motion, the Court may consider the pleadings and exhibits attached thereto,

statements or documents incorporated by reference in the pleadings, matters subject to judicial

notice, and documents either in the possession of the party opposing the motion or upon which

that party relied in bringing the action."  *Magma Power Co. v. Dow Chem. Co.*, No. 95 Civ. 1376

(JFK), 1997 WL 23186, at *4 (S.D.N.Y. January 21, 1997).  The Court may also rely upon the

content of websites referenced in the complaint.  *See Van Praagh v. Gratton*, No. 13-cv-375, 2014

WL 292460, at *2 (E.D.N.Y. Jan. 28, 2014); *Atlantic Recording Corp. v. Project Playlist*, 603 F.

Supp. 2d 690, 693 n.3 (S.D.N.Y. 2009).

Defendants request that the Court grant their motion for judgment on the pleadings because the Complaint fails to "state a claim to relief that is plausible on its face."

## POINT I

## THE COMPLAINT FAILS TO ADEQUATELY PLEAD SUBJECT MATTER JURISDICTION

As a threshold matter, Plaintiff has not adequately alleged diversity jurisdiction. This Court therefore lacks subject matter jurisdiction. For purposes of establishing diversity jurisdiction, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs" and be between, *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Finnegan v. Long Island Power Auth.*, 409 F.Supp.3d 91, 95 (E.D.N.Y. 2019) (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014)).

An individual's citizenship is determined by his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "[A] limited liability company is a citizen of each state in which its individual members are citizens." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F.Supp.3d 408, 409 (E.D.N.Y. 2020) (citing *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 122 (2d Cir. 2013)).

In pleading the citizenship of a limited liability company, like Plaintiff, "the identity and citizenship of *each member*" of the company must be specifically alleged. *Id.* at 410 (emphasis added). Here, Plaintiff fails to plead facts to adequately demonstrate the citizenship of the parties because Plaintiff fails to specifically allege the identity and citizenship of each of Plaintiff's

members. *See U.S. Liab. Ins. Co.*, 444 F.Supp.3d at 409-10. Plaintiff therefore fails to properly establish subject matter jurisdiction and the Complaint should be dismissed on this basis alone. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (holding allegation that an LLC "is a citizen of a different state" is deficient "because it contains no allegation as to the identity or citizenship" of the members).

## POINT II

### PLAINTIFF FAILS TO PLEAD WRONGFUL PURPOSE, WRONGFUL MEANS, PROXIMATE CAUSE, OR DAMAGES IN SUPPORT OF ITS TORTIOUS INTERFERENCE CLAIM

A claim of tortious interference requires a showing of "interference with business relations existing between the [claimant] and a third party, either with the sole purpose of harming the [claimant] or by means that are dishonest, unfair or in any other way improper." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 269 (2d Cir. 2008) (citation omitted). If there are "no allegations in the complaint capable of supporting a reasonable inference that any . . . defendant acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means, then the claim should be dismissed." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 107 (2d Cir. 2009) (citation omitted).

As to the first prong, if Defendants' alleged "'interference [was] intended, at least in part, to advance [their] own competing interests,' then there was no 'wrongful purpose.'" *RFP, LLC v. SCVNGR, Inc.*, 788 F. Supp. 2d 191, 196 (S.D.N.Y. 2011) (alterations in original) (quotation and citation omitted). Here, Plaintiff affirmatively alleges that Defendants' actions were motivated by a desire to benefit their own "pecuniary benefits," thereby vitiating the claim. *See* Cmpl. ¶¶ 27, 47; *see also id.* ¶ 96 (alleging that Defendants' actions were "done to eliminate [Plaintiff's] lawful competition with Defendant").

8

With respect to the second prong, "[t]he wrongful means requirement is similarly demanding." *SCVNGR, Inc.*, 788 F. Supp. 2d at 197. Plaintiff must plead acts of "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure." *Scutti Enters. v. Park Place Entm't Corp.*, 322 F.3d 211, 216 (2d Cir. 2003) (citation omitted). At most, Plaintiff alleges that Defendants made misrepresentations to Amazon indicating that Plaintiff's Sigma product listings constituted intellectual property violations. *See* Cmpl. ¶ 64. But this is insufficient to state a claim.

As a matter of law in this Circuit, a "counterfeit" good may be any good marked with a trademark and distributed without the manufacturers' consent—even if the good did, in fact, originate from the manufacturer. *See El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 396 (2d Cir. 1986). Here, Plaintiff is not an authorized dealer of Sigma products and Plaintiff freely admits it is a purveyor of "grey market" goods, i.e. goods that Plaintiff did not source directly from Sigma and which were not delivered to consumers with a full manufacturer's warranty. *See* Cmpl. ¶¶ 19, 53, 58.

"[T]he sale of grey goods violates the Lanham Act when the goods (1) are not intended to be sold in the United States, and (2) are materially different from the authentic goods that are authorized for sale in the United States market." *Novartis Animal Health US, Inc. v. LM Connelly & Sons, Pty Ltd.*, 2005 U.S. Dist. LEXIS 15214, *11 (S.D.N.Y. July 20, 2005). Plaintiff's goods were materially different because they were not covered by a manufacturer's warranty when sold by Plaintiff.  Cmpl. ¶¶ 53, 58; CC ¶ 26 and accompanying exhibits. Accordingly, Plaintiff's goods were counterfeits—as that legal term of art is used. *See Dan-Foam A/S & Tempur-Pedic, Inc. v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 314 (S.D.N.Y. 2007) (difference in warranty protection considered material).

9

At a minimum, Defendants had a good faith basis to accuse Plaintiff of trafficking in infringing grey market goods. Upon encountering unauthorized Sigma goods on Amazon, it was a reasonable presumption that the goods were illicitly imported or counterfeited. Defendants allegedly reported their suspicions to Amazon, and Amazon made its own determination following its own investigation. Cmpl. ¶ 24.

Defendants' "actions taken to inform others that they may be participating in infringement of [an intellectual property] right, and might face legal consequences for that infringement, are not tortious interference." *SCVNGR*, 788 F. Supp. 2d at 197-98 (citing *Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69, 75 (2d Cir. 1985)). Plaintiff's claim therefore fails.

Finally, even if Plaintiff could allege wrongful means, Defendants' actions were not the proximate cause of any harm. Amazon—and Amazon alone—is responsible for determining infringement and removing a third-party seller from its platform. Notably, Plaintiff does not claim that its storefront was permanently suspended by Amazon or that Plaintiff lost any specific, identifiable sales during a period of suspension. If a suspension did occur, it was Amazon that determined that Plaintiff's account should be suspended. As such, Amazon was the sole proximate cause of Plaintiff's alleged harm, if any. Stated differently, Plaintiff could only have been harmed if Amazon took an adverse action against Plaintiff because Amazon determined that Plaintiff did, in fact, violate its intellectual property policies.

Where, as here, the alleged interference did not cause "injury to the business relationship," Plaintiff cannot state a claim. *Advanced Glob. Tech. LLC v. Sirius Satellite Radio, Inc.,* 15 Misc. 3d 776, 779, 836 N.Y.S.2d 807 (Sup. Ct. N.Y. Cty. Mar. 8, 2007). In other words, because Defendants' actions caused only an alleged "injury to reputation," a claim for tortious interference cannot lie and should be dismissed. *Dobies v. Brefka*, 273 A.D.2d 776, 778, 710 N.Y.S.2d 438

(3rd Dept. 2000); *see also Deer Consumer Prods., Inc. v. Little Grp.*, 2012 NY Slip Op 52157(U), *15, 37 Misc. 3d 1224(A) (Sup. Ct. N.Y. Cty. Nov. 15, 2012).

## POINT III

### TORTIOUS INTERFERENCE WITH A CONTRACT CANNOT LIE IN THE ABSENCE OF A BREACH OF CONTRACT

To state a claim for tortious interference with a contract a plaintiff must plead and prove "the existence of [a] valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages." *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 426 (2007). Here, Plaintiff fails to plead that Amazon (or anyone else) breached its contract with Plaintiff—let alone that Defendants procured the breach. For the same reason, Plaintiff fails to allege that it suffered any damages, i.e. if no contracts have been breached, Plaintiff suffered no harm. To be sure, the Complaint fails to allege any damages flowing from a breach of contract by Amazon—and Plaintiff tellingly has not sued Amazon for breach of contract.

There is no allegation anywhere in the Complaint that Amazon (or anyone else) has cancelled a contract with Plaintiff. "Tortious interference with contract requires…actual breach of the contract, and damages resulting therefrom." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996). "The plaintiff must specifically 'allege that the contract would not have been breached but for the defendant's conduct.'" *Ferrandino & Son, Inc. v. Wheaton Builders, Inc.*, LLC, 82 A.D.3d 1035, 1036, 920 N.Y.S.2d 123 (2d Dept. 2011) (quoting *Burrowes v. Combs*, 25 A.D.3d 370, 373, 808 N.Y.S.2d 50 (1st Dept. 2006)).

Plaintiff's mere conjecture about an unspecified potential loss of business is insufficient to state a claim in the absence of any allegation that an actual breach was procured. *See 31 Cornelia*

11

*Props. Corp. v. Lemma*, 136 A.D.3d 584, 585, 25 N.Y.S.3d 593 (1st Dept. 2016) ("The allegations that support the claim for tortious interference are speculative and conclusory, and fail to make out all the elements of that cause of action."); *see also Burrowes*, 25 A.D.3d at 373 ("Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim a plaintiff must support his claim with more than mere speculation."). Therefore, the tortious interference with contract claim should be dismissed as a matter of law.

Moreover, Amazon expressly reserves the right to bar anyone from using its platform. Therefore, to the extent Plaintiff enjoys any contractual relationship with Amazon at all, such contract is terminable at will. *See* Dkt No. 22-9 at ¶ 3. The law differentiates between interference with a fully enforceable existing contract and interference with a prospective, terminable at will, or voidable contract.

The New York Court of Appeals has stated that "interference with performance of voidable contracts should be treated the same as interference with contracts terminable at will for purposes of imposing liability in tort, and that both fall in the same category with interference with prospective contractual relations." *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 192 (1980). Stated differently, "[t]he essential element of breach of contract is absent when a contract is terminable at will. The relationship between the parties of a contract terminable at will can be classified as one of prospective contractual relations; the interest one possesses under a contract terminable at will is merely an expectancy interest and therefore cannot be enforced." *Dorsett-Felicelli, Inc. v. County of Clinton*, 1:04-CV-01141 (LEK/RFT), 2011 U.S. Dist. LEXIS 29197, *10 (S.D.N.Y. March 22, 2011); *see also  Guard-Life Corp.*, 50 N.Y. 2d at 193; *Havana Central NY2 LLC v. Lunney's Pub, Inc.*, 49 A.D.3d 70, 79, 852 N.Y.S.2d 32 (1st Dept. 2007)

(explaining that "a valid cause of action for tortious interference with contract [cannot] be stated…if the plaintiff has no legally enforceable right to performance under the agreement.").

Therefore, as discussed *supra* Point II, without a showing of "wrongful means," a terminable at will contract simply cannot form the basis of tort liability under New York law. *AIM Intern. Trading, L.L.C. v. Valcucine S.P.A.*, Case No. 02 Civ 1363, 2003 U.S. Dist. LEXIS 8594, at *5 (S.D.N.Y. May 22, 2003) (citing *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 406 N.E.2d 445, 428 N.Y.S.2d 628 (1980)); *see also Discover Group, Inc. v. Lexmark Intern., Inc.*, 333 F. Supp. 2d 78, 85-86 (E.D.N.Y. 2004) (stating "[b]ecause contracts terminable-at-will may not form the basis of a tortious interference with contract claim in New York, this claim must be dismissed."). Therefore, the second cause of action also fails for the same reasons as the first cause of action.

## POINT IV

### THE DEFAMATION CLAIMS FAIL BECAUSE PLAINTIFF DOES NOT PLEAD ACTUAL MALICE OR DAMAGES AND THE ALLEGED STATEMENTS ARE SUBSTANTIALLY TRUE OR, AT WORST, NON-ACTIONABLE OPINION

"To state a claim for trade libel, a plaintiff must adequately plead "(1) falsity of the statement, (2) publication to a third person, (3) malice (express or implied), and (4) [ ] special damages." *Angio-Medical Corp. v. Eli Lilly & Co*., 720 F. Supp. 269, 274 (S.D.N.Y. 1989). Likewise, a defamation claims requires showing a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at minimum, a negligence standard, which causes either special harm or constitutes defamation *per se*e. *See Dillon v. City of New York*, 261 A.D.2d 34, 38, 704 N.Y.S.2d 1 (1st Dept. 1999). New York courts have noted that defamation actions lend themselves well to early dismissal because "the issue of whether particular words are

defamatory presents a legal issue to be resolved by the court." *Greenberg v. Spitzer*, 155 A.D.3d 27, 44, 62 N.Y.S.3d 372 (2d Dept. 2017).

Here, Plaintiff's defamation and libel claims are subject to immediate dismissal for at least three reasons.  First, they are barred by New York Civil Rights Law § 76-A.  Second, the allegedly defamatory statements are true, substantially true, or mere opinion. Third, Plaintiff fails to plead special damages. Each pleading defect will be address in turn.

A.  *Dismissal is Required Pursuant to N.Y. Civil Rights Law 76-A*

"Many states have enacted 'anti-SLAPP statutes' with the idea that they provide breathing space for free speech on contentious public issues." *La Liberte v. Reid*, 966 F.3d 79, 85 (2d Cir. 2020). New York amended its anti-SLAPP statute effective November 10, 2020. *See* A.B. 5991-A. The new law contains both substantive and procedural elements, but enshrines each in separate statutory provisions—with procedural components added to the N.Y. C.P.L.R. and substantive components added to the N.Y. Civil Rights Law. *Compare* N.Y. C.P.L.R. 3211(g) (addressing procedural rules for motions to dismiss), *with* N.Y. Civil Rights Law § 76-a (addressing the substantive elements of claims involving public petition and participation) and N.Y. Civil Rights Law § 70-a (addressing the private right to bring an action for damages in response to vexatious litigation).

"[A] federal court sitting in diversity must apply § 76-a because it is a substantive, rather than a procedural, provision." *Palin v. N.Y. Times Co.*, 510 F. Supp. 3d 21, 26 (S.D.N.Y. 2020) (citing *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (affirming the district court's application of certain substantive provisions of Nevada's anti-SLAPP law)); *La Liberte*, 966 F.3d at 86 n.3 (distinguishing between the applicability in federal court of substantive and procedural elements of state anti-SLAPP laws)); *see also Sweigert v. Goodman*, No. 1:18-cv-08653 (VEC)

(SDA), 2021 U.S. Dist. LEXIS 77704, at *4, 2021 WL 1578097 (S.D.N.Y. Apr. 22, 2021);

*Coleman v. Grand*, No. 18-cv-5663 (ENV) (RLM), 2021 U.S. Dist. LEXIS 37131, at *20, 2021

WL 768167 (E.D.N.Y. Feb. 22, 2021) ("The anti-SLAPP provision at issue here, § 76-a, applies

in federal court because it is 'manifestly substantive,' governing the merits of libel claims and

increasing defendants' speech protections."); *Egiazaryan v. Zalmayev*, No. 11-CV-2670 (PKC),

2011 U.S. Dist. LEXIS 140851, 2011 WL 6097136, at *12 (S.D.N.Y. Dec. 7, 2011) (applying

New York's pre-amendment anti-SLAPP law in a diversity jurisdiction case).

Applying Section 76-a of New York's amended anti-SLAPP law, Plaintiff must plead and

prove that Defendants acted with actual malice because it brings "a claim based upon . . . lawful

conduct in furtherance of the exercise of the constitutional right of free speech in connection with

an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a). The law directs that the term

"public interest" is to "be construed broadly, and shall mean any subject other than a purely private

matter." *Id*. § 76-a(1)(d). The statute also requires Plaintiff to "establish[] by clear and convincing

evidence that any communication which gives rise to the action was made with knowledge of its

falsity or with reckless disregard of whether it was false…" *Id*. § 76-a(2). In other words, Plaintiff

must plead actual malice.

"To show actual malice, the plaintiff must allege sufficient facts from which to infer that

the defendant knew the alleged defamatory statement was false when he made it or recklessly

disregarded whether it was false or not." *Kerik v. Tacopina*, 64 F. Supp. 3d 542, 571 (S.D.N.Y.

2014) (citing *Kipper v. NYP Holdings Co.*, 12 N.Y.3d 348, 912 N.E.2d 26, 29, 884 N.Y.S.2d 194

(N.Y. 2009) (in turn citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)). The Supreme

Court has defined "reckless disregard" as requiring that the defendant "entertained serious

15

[subjective] doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731, (1968).

Here, the Complaint does not allege that Defendants published any intellectual property notices to Amazon with knowledge of their falsity or that Defendants had any subjective reason to doubt the truth of the alleged complaints. Rather, the pleadings demonstrate that Plaintiff is not an authorized Sigma dealer and sells goods that are materially different from authorized goods without disclosing that fact to consumers.  Cmpl. ¶¶ 53, 58; CC ¶ 26 and accompanying exhibits. Accordingly, in the absence of any well-pled objective facts from which actual malice might be plausibly inferred (*see infra* Point IV(B)), the Complaint must be dismissed. *See Biro v. Condé Nast*, 807 F.3d 541, 545 (2d Cir. 2015).

### B. *Truth or Opinion*

Plaintiff also fails to adequately plead defamation or trade libel because the alleged statements are substantially true. Truth or substantial truth is an absolute defense to an action based on defamation.  *Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369, 383, 397 N.Y.S.2d 943, 366 N.E.2d 1299 (Ct. App. 1977); *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 152, 603 N.Y.S.2d 813, 623 N.E.2d 1163 (Ct. App. 1993); *Greenberg v. Spitzer*, 155 A.D.3d 27, 41, 62 N.Y.S.3d 372 (App. Div. 2d Dep't 2017); *Stepanov v. Dow Jones & Co., Inc.*, 120 A.D.3d 28, 34, 987 N.Y.S.2d 37 (App. Div. 1st Dep't 2014). The Court of Appeals has long held that while individuals "could not make up facts out of whole cloth, omission of relatively minor details in an otherwise basically accurate account is not actionable." *Rinaldi*, 42 N.Y.2d at 383.

As long as the statement at issue is "substantially" true, defamation causes of action must be dismissed.  *Greenberg*, 155 A.D.3d at 41; *Maloney v. Anton Cmty. Newspapers, Inc.*, 16 A.D.3d 465, 466, 791 N.Y.S.2d 598 (App. Div. 2d Dep't 2005); *Schaefer v. Brookdale Univ. Hosp. &*

*Med. Ctr.*, 66 A.D.3d 985, 985, 888 N.Y.S.2d 122 (App. Div. 2d Dep't 2009); *Carter v. Visconti*, 233 A.D.2d 473, 474, 650 N.Y.S.2d 32 (App. Div. 2d Dep't 1996) ("Even if a publication is not literally or technically true in all respects, the absolute defense applies as long as the publication is 'substantially true'").

A statement is substantially true if the statement would not have a different effect on the mind of the reader from that which the pleaded truth would have produced. *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 551 F. Supp. 3d 320, 326 (S.D.N.Y. 2021). Courts should consider the entire publication, as well as the circumstances of its issuance, to interpret the meaning of an allegedly defamatory statement. *Id.*

As discussed *supra*, the disputed statements are, at minimum, substantially true because Plaintiff is not an authorized Sigma dealer and sells goods that are materially different from authorized goods without disclosing that fact to consumers. Cmpl. ¶¶ 53, 58; CC ¶ 26 and accompanying exhibits. At most, Plaintiff alleges that Defendants expressed its concerns about the propriety of Plaintiff's unauthorized Sigma listings to Amazon in order to enable Amazon to investigate and determine whether the listings violated Amazon's intellectual property policies. Defendants' objectively reasonable, fact-based rationale for filing those notices vitiates any claim of defamation.

Furthermore, even if the Court were to find that the disputed statements are not substantially true, the statements are nevertheless non-actionable opinion or hyperbole. New York law provides "absolute protection of opinions." *Cummings v. City of New York*, No. 19-CV-7723 (CM)(OTW), 2020 U.S. Dist. LEXIS 31572, 2020 WL 882335, at *20 (S.D.N.Y. Feb. 24, 2020). Whether a statement constitutes opinion is a question for the court. *Id.* (citing *Chau v. Lewis*, 771 F.3d 118, 128 (2d Cir. 2014)).

17

The New York Court of Appeals has long acknowledged that "[s]ince falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging *facts* can properly be the subject of a defamation action." *Gross*, 82 N.Y.2d at 152 (emphasis added); *Saleh v. New York Post*, 78 A.D.3d 1149, 1153 (App. Div. 2d Dep't 2010).  Thus, "[a]n expression of pure opinion is not actionable[] no matter how vituperative or unreasonable it may be." *Greenberg*, 155 A.D.3d at 42.  Indeed, "[e]xpressions of an opinion, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions." *Galanova v. Safir*, 138 A.D.3d 686, 687, 29 N.Y.S.3d 459 (App. Div. 2d Dep't 2016) (quoting *Farrow v. O'Connor, Redd, Gollihue & Sklarin, LLP*, 51 A.D.3d 626, 627, 857 N.Y.S.2d 235 (App. Div. 2d Dep't 2008)).

Under New York law, a "'pure opinion' is a statement of opinion which is accompanied by a recitation of the facts upon which it is based." *Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289, 508 N.Y.S.2d 901, 501 N.E.2d 550 (Ct. App. 1986). To distinguish between a fact or opinion, the court must consider: "(1) whether the specific language has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether the context in which the statement appears signals to readers [or listeners] that the statement is likely to be opinion, not fact." *Greenberg*, 155 A.D.3d at 42; *see also Gross*, 82 N.Y.2d at 152.

Applying the above factors to the disputed statements, it is clear that Plaintiff's defamation and trade libel causes of action are meritless and should be dismissed. The infringement complaints to Amazon disclosed the basis of the opinion, i.e. Plaintiff's status as an unauthorized dealer and the lack of warranty accompanying the goods. Against that backdrop, no claim may lie. "[A] statement on matters of public concern must be provable as false before there can be liability under state defamation law..." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990). Here, whether

Plaintiff's unauthorized sales of Sigma goods meet the definition of "counterfeit" is a legal determination, subject to different legal opinions—not a factual one upon which a defamation claim might be premised. Thus, Plaintiff's defamation and libel claims fail on this basis as well.

      *C.  <u>No Special Damages</u>*

Trade libel requires pleading and proof of special damages. *Angio–Med. Corp.*, 720 F.Supp. at 274 (citation omitted); *accord Computech Int'l, Inc. v. Compaq Computer Corp.*, No. 02 Civ. 2628, 2002 WL 31398933, at *5 (S.D.N.Y. Oct. 24, 2002). *Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 291 (S.D.N.Y. 2016). Here, Plaintiff states, without elaboration, that it has suffered special damages in the form of a loss of customers. *See* Cmpl. ¶¶ 98, 105. But this does not suffice.

Federal Rule of Civil Procedure 9(g) requires that, "[i]f an item of special damage is claimed, it must be specifically stated." Likewise, the New York Court of Appeals holds that:

> special damage must be fully and accurately stated; if the special damage was a loss of customers, * * * the persons who ceased to be customers, or who refused to purchase, must be named * * *. (I)f they are not named, no cause of action is stated.

*Drug Rsch. Corp. v. Curtis Pub. Co.*, 7 N.Y.2d 435, 440–41 (1960) (quoting *Reporters' Assn. of America v. Sun Print. & Pub. Assn.*, 186 N. Y. 437, 442 (1906)). The detail required in *Drug Rsch. Corp.* is nowhere to be found in the Complaint. Plaintiff's defamation and libel claims thus fail to meet the requirements of Rule 9(g) and fail to state a claim upon which relief may be granted. *See Nunes v. CNN, Inc.*, No. 20 CV 03976-LTS-OTW, 2021 U.S. Dist. LEXIS 31423, *22-*24, 2021 WL 665003 (S.D.N.Y. Feb. 19, 2021).

## POINT V

### THE NEW YORK GENERAL BUSINESS LAW § 349 CAUSE OF ACTION FAILS TO PLEAD CONSUMER HARM

New York General Business Law § 349 and 350 are consumer protection laws. "To properly state a claim under either of these provisions, Plaintiff must allege conduct that has 'significant ramifications for the public at large.'" *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.,* No. 14CV6294-LTS-HBP, 2015 U.S. Dist. LEXIS 111823, *4 (S.D.N.Y. Aug. 24, 2015). For a claim to be cognizable under these provisions, there must be some "specific and substantial injury to the public interest…" *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, 07 Civ. 6959 (DAB), 2009 U.S. Dist. LEXIS 117368, at *8 (S.D.N.Y. Dec. 14, 2009) (emphasis omitted). The Complaint falls far short of this standard.

At most, the Complaint alleges that "Defendants have reduced price competition and the supply of goods in the marketplace on Amazon and in general." Cmpl. ¶ 111. Such allegations are conclusory and therefore insufficient to support a cause of action pursuant to Section 349. *See RCA Trademark Mgmt. S.A.S.*, 2015 U.S. Dist. LEXIS 111823, at *4 (holding that conclusory allegations that defendant's "acts have caused harm to the public" are insufficient to support claims pursuant to N.Y. Gen Bus. Law § 349); *Feel Better Kids, Inc. v. Kids in Need USA, Inc.,* No. CV-06-0023 (DRH) (AKT), 2012 U.S. Dist. LEXIS 139770, *8 (E.D.N.Y. Aug. 27, 2012) (holding that conclusory allegations defendants' "consumer oriented" conduct insufficient to support N.Y. Gen Bus. Law § 349 claims).

Moreover, when confronted with virtually identical allegations regarding allegedly false infringement notices submitted to Amazon, courts in the Second Circuit routinely hold that such notices do not have actionable anti-competitive effects on price or the marketplace in general. *See 2238 Victory Corp. v. Fjallraven USA Retail, LLC*, No. 19-cv-11733 (PKC), 2021 U.S. Dist.

LEXIS 3761, 2021 WL 76334, at *3-6 (S.D.N.Y. Jan. 8, 2021); *see also Tymar Distribution Llc v. Mitchell Grp. United States, Llc, Rivelle Prods.*, No. 20-CV-719-PKC-SJB, Docket No. 77, at pp. 33-44 (E.D.N.Y. Mar. 31, 2021). Plaintiff has not—and cannot—plead an anti-trust violation and therefore cannot adequately plead consumer-oriented harm through a vague reference to "reduced price competition."  The claim brought pursuant to New York General Business Law § 349 should be dismissed.

## POINT VI

### PLAINTIFF DOES NOT PLEAD ANY SPECIES OF UNFAIR COMPETITION RECOGNIZED UNDER NEW YORK COMMON LAW

Finally, Plaintiff unsuccessfully attempts to plead a cause of action for common law unfair competition.  "New York recognizes seven bases for a claim of unfair competition.  They are: (1) monopoly; (2) restraint of trade; (3) trade secrets; (4) trademark or trade name infringement, (5) palming off; (6) misappropriation; and (7) false labeling or advertising."  *Poznanski v. Wang*, 2009 N.Y. Misc. LEXIS 6076, *27-*28 (N.Y. Sup. Ct. Aug. 25, 2009) (citing 2 NY PJI3d 3:58, at 525 (2007)). Trademark infringement—which is not at issue here—is the most typical application of the cause of action.  *See e.g. Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34-35 (2d Cir. 1995).

Plaintiff has not alleged facts sufficient to support any of the seven enumerated categories of common law unfair competition. Instead, Plaintiff baldly alleges that Defendants engaged in "interference and false claim sabotage".  Cmpl. ¶ 117.  This bare allegation does not fit any of the seven recognized species of unfair competition in New York, and merely attempts to re-state (under a different name) Plaintiff's other causes of action, which are themselves non-actionable

for the reasons set forth in Points II-V *supra*.  Therefore, Plaintiff fails to state a cause of action for common law unfair competition.

## **<u>CONCLUSION</u>**

In light of the foregoing, Defendants request that the Court grant this Motion, dismiss the Complaint in its entirety with prejudice, and grant any other and further relief that the Court deems just and proper.

Dated: New York, New York
      February 9, 2023

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP

By: /s/ Stephen Barrett_____
     Stephen J. Barrett
     Jura C. Zibas
     150 East 42nd Street
     New York, New York 10017-5639
     (212) 490-3000
     Stephen.Barrett@wilsonelser.com
     Jura.Zibas@wilsonelser.com
     File No.: 12741.00151

     *Attorneys for Defendants*